# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT REUTHER,

        Plaintiff,                    CIVIL ACTION NO. 07-CV-12249-DT

  VS.                                 DISTRICT JUDGE GERALD E. ROSEN

LONNIE CHAPMAN,             MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:    Plaintiff's Motion for Preliminary Injunctive Relief/TRO (docket no. 9) should be **DENIED** without prejudice.

**II.**    **REPORT**:

    *1.*    *Facts and Procedural History*

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. § 1983, 1985, 1986, and state law. Plaintiff filed a Motion for Ex Parte Preliminary Injunction/TRO on July 26, 2007. (Docket no. 9). Plaintiff alleges that he has been beaten and otherwise abused by the jail personnel at the Livingston County Jail and that they have promised to beat him whenever he is held at that jail. Plaintiff further alleges that he has a pending appeal of his criminal convictions in Livingston County and at some point in the future he will have to appear in court in that county. He seeks an order preventing him from being housed at the Livingston County Jail when he makes this appearance. Plaintiff is currently housed in a state prison. Plaintiff also alleges that his attorney on his state criminal matters committed malpractice and otherwise violated his rights. Although all pretrial matters have been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(A) this motion for injunctive relief must be the subject of a Recommendation.

*2.     Governing Law*

Rule 65, Fed. R. Civ. P., sets forth the procedure for issuance of a preliminary injunction or temporary restraining order (TRO). No preliminary injunction may be issued without notice to the adverse party. Fed. R. Civ. P. 65(a)(1). A TRO

> may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

*3.     Analysis*

Plaintiff's Motion does not show that it was served on any Defendant.[1] Therefore, under Rule 65 no preliminary injunction can be issued. Moreover, a temporary restraining order is allowed only under certain conditions when notice is not provided. Plaintiff has failed to show that he will suffer immediate injury before the adverse party may be heard. In addition, he has not provided a certification to the court as the Rule requires. The Court should therefore deny Plaintiff's motion.

### III.    **NOTICE TO PARTIES REGARDING OBJECTIONS**:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any

---

[1] Plaintiff's Motion contains a certificate of service showing that a copy was sent to the Livingston County Circuit Court Judge. However, the judge is not a named Defendant. By this action this Court will not assume jurisdiction over the judge. Therefore, service of the motion upon him does not satisfy the requirements of Rule 65.

2

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 30, 2007         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Reuther and Counsel of Record on this date.

Dated: August 30, 2007         s/ Lisa C. Bartlett
                               Courtroom Deputy

3