# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT REUTHER,**

      **Plaintiff,**        **CIVIL ACTION NO. 07-CV-12249-DT**

vs.

                                **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** Plaintiff's Ex Parte Motion for Preliminary Injunction/Temporary Restraining Order filed on September 10, 2007 (docket no. 19) should be **DENIED**.

**II.**     **REPORT:**

       *A.*     *Facts and Procedural History*

Plaintiff filed this Motion for Preliminary Injunction/Temporary Restraining Order on September 10, 2007. (Docket no. 19). Defendants filed a Response on September 24, 2007. (Docket no. 20). All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). This matter is therefore ready for ruling under 28 U.S.C. § 636(b)(1)(A).

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and state law. (Docket no. 1). Plaintiff alleges that he was beaten and otherwise abused by the jail personnel at the Livingston County Jail and that they have promised to beat him whenever he is held at that jail. (*Id.*). Plaintiff is currently housed in a state prison. Plaintiff also alleges that the attorney who represented him on his state criminal matters, Craig W. Haehnel, committed malpractice and violated 42 U.S.C. §§ 1985 and 1986 by having knowledge of the beatings and

-1-

failing to take some action to prevent them, and by conspiring to obstruct the due course of justice in state court. (Docket no. 1 ¶ 12).

According to a letter to Plaintiff from his state court attorney dated June 18, 2007, a hearing on Plaintiff's post-conviction motions will be scheduled "within the next couple of weeks." (Docket no. 19, ex. D). The letter also states that the state court judge denied Plaintiff's request to be held somewhere other than the Livingston County Jail when he is returned for that hearing. (*Id.*). Plaintiff seeks an injunction ordering that he be held at an institution other than the Livingston County Jail if he has to appear in Livingston County Circuit Court, that no named Defendant have contact with him, and that, in the alternative, the U.S. Marshal escort him to any court appearance he may have in Livingston County. (Docket no. 19).

B.   *Governing Law*

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant would suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest would be served by issuance of the injunction. (*Id.*). These factors are to be balanced. However, the failure to show a likelihood of success on the merits is usually fatal. *Gonzales v. National Bd. Of Med. Examiners,* 225 F.3d 620, 625 (6th Cir. 2000). The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

C.   *Analysis*

1. *Younger Absention*

Defendants first contend that this Court should abstain, under the authority of *Younger v. Harris,* from granting Plaintiff a preliminary injunction because Judge Reader of the state court has already denied Plaintiff's request to be housed at a facility other than the Livingston County Jail upon his return to the county for an appearance in his court. (Docket no. 20 at 6-7). In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court held that federal courts should not stay or enjoin pending state judicial proceedings except under special circumstances. However, Plaintiff is not seeking to stay or enjoin the state proceeding. Defendants have not provided any authority that *Younger* abstention is appropriate when the request is not to stay or enjoin the state proceeding. Defendants have also not provided the Court with Judge Reader's order. The only evidence of this ruling is the statement of Plaintiff's state court counsel on the matter in a letter to Plaintiff. Under these circumstances, the Court will consider whether Plaintiff's Motion should be granted under the traditional test for injunctive relief.

2. *Likelihood of Success on Merits*

Plaintiff has failed to carry his burden of showing a likelihood of success on the merits. The only support for Plaintiff's allegations of Defendants' assaults, beatings, and threats are his verified Complaint and Motion. Although these allegations are serious matters, Plaintiff's burden on this motion is greater than his burden would be in opposing a motion for summary judgment. *See Leary,*, 228 F.3d at 739. His present showing fails to surpass the showing required to successfully oppose a summary judgment motion. This factor therefore favors denying Plaintiff's Motion.

3. *Plaintiff's Showing of Irreparable Injury*

In determining whether a plaintiff has shown irreparable injury, courts consider the substantiality of the injury alleged, the likelihood of its occurrence, and the adequacy of the proof provided. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987). Plaintiff has alleged physical

injuries at the hands of Defendants. Again, however, Plaintiff has failed to offer any proof other than his own allegations. Therefore, the Court can find neither that the likelihood of the occurrence of further physical injury is high, nor that Plaintiff has presented sufficient proof of such possible injury to warrant injunctive relief. Plaintiff's possible injury is also not of an imminent nature. Although he presents letters from his attorney showing that a hearing may be held in the future, there is no showing that one has been scheduled for any particular date. This speculative nature of the hearing and his transfer to the Livingston County Jail militates against granting injunctive relief. *See Gumpl v. Seiter*, 687 F. Supp. 1212, 1213 (S.D. Ohio 1988) (speculative threat of injury insufficient to support granting of injunctive relief).

    *4.  Harm to Others*

Where a prison inmate seeks an order enjoining prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984). Prisoners have no constitutional right to remain at a particular institution, and prison officials are afforded broad discretion in transferring inmates. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). Plaintiff contends that granting his motion for injunctive relief will not result in any hardship for Defendants. However, he fails to take into account the broad discretion generally afforded to prison officials in deciding the appropriate housing arrangements for each prisoner. Prison officials no doubt have much more information relevant to that decision than the Court. The Court's granting of Plaintiff's requested injunction would harm the prison officials' ability to maintain security, order, and discipline.

    *5.  Public Interest*

Plaintiff argues that the public interest would be served by granting his request because it is in the public's interest for prison officials to obey the law. However, precluding Plaintiff's transfer to the

Livingston County Jail does little to encourage prison officials to obey the law. It may instead encourage illegal conduct if their goal in allegedly assaulting and beating Plaintiff is to rid themselves of him. The public has an interest in the orderly and proper administration of the prisons and jails. Granting injunctive relief on the bare allegations of this case would not serve those interests.

Upon consideration of all of these factors, the Court recommends denying Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 22, 2007                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Reuther and Counsel of Record on this date.

Dated: October 22, 2007                s/ Lisa C. Bartlett
                                       Courtroom Deputy