# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT REUTHER,**

        **Plaintiff,**                **CIVIL ACTION NO. 07-CV-12249-DT**

  **VS.**                                 **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE

This is a civil rights action filed by a Michigan state prisoner. Defendants have moved to strike Plaintiff's Response to their Motion to Partially Dismiss Plaintiff's Claims. (Docket no. 32). Plaintiff has not responded to this motion. All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Defendants argue that Plaintiff's Response should be stricken for several reasons. It was sent to them by mail rather than being electronically filed. An attorney, Mr. Douglas W. Van Essen, signed a letter accompanying the Response and signed the certificate of service, but apparently signed the Plaintiff's name to the Response on the basis that Plaintiff is proceeding pro se. (Docket no. 32, ex. 1). The letter states that Mr. Van Essen is not entering an appearance for Plaintiff "at this time." (*Id.*) The record shows that Mr. Van Essen filed a Notice of Appearance for Plaintiff limited to representation at his video deposition. (Docket no. 33). Defendants contend that Plaintiff's Response should be stricken as a violation of Fed. R. Civ. P. 11(a), this Court's Local Rule 5.1.1(a), and the Michigan Rules of Professional Conduct.

Mr. Van Essen's actions of signing Plaintiff's Response with Plaintiff's name as pro se while signing his own name on the cover letter for the Response and its certificate of service is not in compliance with Rule 11's signature requirement. *See Afflink, Inc. v. K & B Capital, LLC.*, 2007 WL 2421559 (E.D. Mich. Aug. 27, 2007) (counsel acted as attorney for party by sending letter to opposing counsel regarding case). If he is acting as an attorney for Plaintiff, he must sign the Response himself. The Rule requires that unsigned papers be stricken, but this paper was signed by the pro se Plaintiff through Mr. Van Essen. The Court will therefore not order that the Response be stricken. However, Mr. Van Essen is ordered to either file a general notice of appearance for Plaintiff in this action or refrain from representing Plaintiff by any means.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike (docket no. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before February 8, 2008, Mr. Van Essen either file a general notice of appearance on behalf of Plaintiff or refrain from representing Plaintiff in this action.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 06, 2008          s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Robert Reuther and Counsel of Record on this date.

Dated: February 06, 2008          s/ Lisa C. Bartlett
                                      Courtroom Deputy