# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT REUTHER,**

      **Plaintiff,**              **CIVIL ACTION NO. 07-CV-12249-DT**

vs.

                                    **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Plaintiff's Motion for Voluntary Dismissal (docket no. 24) should be **DENIED** as moot.

Defendants' Motion to Partially Dismiss Plaintiff's Claims (docket no. 29) should be **DENIED**.

**II.**    **REPORT:**

This is a civil rights action filed by Plaintiff, a Michigan state prisoner, against employees of the Livingston County Jail. Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by beating him. This matter comes before the Court on Plaintiff's Motion for Voluntary Dismissal (docket no. 24) and Defendants' Motion to Partially Dismiss Plaintiff's Claims (docket no. 29). Plaintiff's Motion for Voluntary Dismissal is to dismiss one defendant, Haehnel. That Motion is moot because Defendant Haehnel has now been dismissed by a Stipulation and Order of Voluntary Dismissal signed by Judge Rosen on January 17, 2008. (Docket no. 34). Plaintiff's Motion should therefore be denied as moot. Plaintiff has responded to Defendants' Motion.[1] (Docket no. 30).

---

[1] Contemporaneously with this Report this Court will order that Defendants' Motion to Strike Plaintiff's Response (docket no. 32) be denied. This Court's decision in this matter would not change even if this Response were stricken, however.

Defendants have filed a Reply brief. (Docket no. 31). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are therefore ready for ruling.

    *A.    Facts and Claims*

Defendants move to dismiss Plaintiff's claims arising from the September 3, 2004 incident. (Docket no. 29). The September 3 incident is detailed in paragraph 7 of Plaintiff's Complaint. (Docket no. 1). Plaintiff alleges that on September 3, 2004 he was assaulted and beaten by Defendants. Defendant Chapman allegedly entered Plaintiff's cell at the Livingston County Jail and instructed Plaintiff to move his bedding to the top bunk. Plaintiff informed Defendant Chapman that he needed to remain on the lower bunk due to a back problem. Defendant starting moving Plaintiff's belongings. Plaintiff approached him and Defendant Chapman spun around hitting Plaintiff in the chest and upper arm area while pushing and shoving Plaintiff. Defendant Chapman was yelling at Plaintiff to put his arms behind his back, but Plaintiff was holding his arms up to protect his face.

Plaintiff was against the wall when other Defendant officers entered the cell. Plaintiff laid down on the floor as Defendant Chapman instructed. Defendant Chapman then allegedly jumped on Plaintiff's back and handcuffed him. Plaintiff's head was then pulled back, and he was maced. Plaintiff was being hit or kicked in the back, ribs, head and legs by the Defendants after he was handcuffed. Plaintiff was injured in his head, back, ribs and legs. Plaintiff goes on to describe subsequent assaults on separate days, but the September 3 incident is the only one presently at issue.

Defendants argue that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's excessive force claims arising from this incident on September 3. Plaintiff pled no contest to assaulting Defendant Chapman in the jail cell on September 3. (Docket no. 29, ex. 1 at 14). This conviction has not been set aside. According to Defendants, the September 3 incident gave rise to both Plaintiff's assault conviction

and his current excessive force claim. Therefore, under *Heck*, Plaintiff's claims arising from this incident should be dismissed.

Plaintiff argues that Defendants seek to stretch the *Heck* doctrine too far. He contends that Defendants assaulted him after his assault on Defendant Chapman was complete, and he was subdued. Therefore, according to Plaintiff, *Heck* does not bar his claims.

    *B.*    *Standard*

Defendants filed this motion under Fed. R. Civ. P. 12(c). When considering such a motion the court construes the complaint in the light most favorable to the plaintiff, accepts all of the complaint's factual allegations as true, and determines whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

    *C.*    *Analysis*

There is no dispute that Plaintiff pled guilty to assaulting Defendant Chapman on September 3. (Docket no. 30 at 2). Under *Heck*, a section 1983 claim for damages must be dismissed if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. Plaintiff concedes that *Heck* may prevent him from claiming excessive force with respect to Defendants' initial attempt to subdue him up to the point that he was actually subdued. (Docket no. 31 at 2). However, he contends that *Heck* does not protect Defendants' actions after he was subdued. Therefore, because at least part of Plaintiff's claims with respect to the September 3 incident are that he was illegally assaulted after he was subdued, Plaintiff argues that Defendants' motion should be denied.

It is significant that the Court is considering this motion not as a summary judgment motion but as a motion for judgment on the pleadings. The parties, and particularly Defendants, have not submitted any affidavits detailing the events of September 3. Therefore, the Court is left with the facts alleged in Plaintiff's verified Complaint which the Court must assume are true and construe in the light most favorable to Plaintiff. *See Ziegler*, 249 F.3d at 511-12.

Plaintiff alleges in his Complaint that Defendant Chapman successfully handcuffed him, and he was laying down on the floor of the cell. (Docket no. 1 ¶ 7). Then Plaintiff's head was pulled back, and he was maced. (*Id.*). Plaintiff was being hit and kicked while he was handcuffed. (*Id.*). Plaintiff names seven other deputies who participated in this incident. (*Id.*).

The Sixth Circuit has recognized that a plaintiff's excessive force claim arising from an affray with officers may necessarily imply the invalidity of his state assault conviction if the struggle gives rise to both the assault conviction and the excessive force claim, and the two are inextricably intertwined. *See Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005). Such claims are barred by *Heck* unless the plaintiff can show that his conviction has been overturned. However, courts also recognize that at some point the use of force after a plaintiff has been subdued is not inextricably intertwined with a conviction for an earlier assault by the plaintiff and, thus, not barred by *Heck*. *See Schreiber v. Moe*, 445 F. Supp. 2d 799 (W.D. Mich. Aug. 10, 2006) (allegation of excessive force that plaintiff was kicked five times by officer while handcuffed and in custody in police car does not necessarily imply invalidity of assault conviction and not barred by *Heck*). *See also Smithart v. Towery*, 79 F.3d 951 (9th Cir. 1996) (officers' battery occurred after plaintiff's assault was complete–not barred by *Heck*); *Swangin v. California State Police*, 168 F.3d 501 (9th Cir. 1999) (unpublished) (allegation of excessive force committed after assault was completed not barred by *Heck*).

Based on the facts alleged by Plaintiff, this Court cannot determine now that undoubtedly Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Ziegler*, 249 F.3d at 511-12. A jury could determine that Plaintiff's assault conviction and Defendants' later alleged assault on Plaintiff are not inextricably intertwined. Accordingly, Defendants' Motion for Judgment on the Pleadings should be denied.

III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 06, 2008        s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Reuther and Counsel of Record on this date.

Dated: February 06, 2008        s/ Lisa C. Bartlett
                                Courtroom Deputy