UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN REUTHER,

Plaintiff,

v.

LONNIE CHAPMAN, CHERYL MIKS,
M. MURPHY, DEPUTY LIDDELL, SGT. YORK,
DEPUTY BYERLE, DEPUTY COTTONGIM
(incorrectly captioned as Deputy Cottington),
CORRECTIONS OFFICER ROSENBERG,
(incorrectly captioned as Deputy Rosenberg),
DEPUTY JOHN DOE #1, DEPUTY JOHN DOE #2,
JEREMY GWINN, DEPUTY CRANE, SGT. DAVIS,
DEPUTY MORRIS, DEPUTY MORSE, ROBERT J.
BEZOTTE, DEPUTY ZIMMERMAN, LCJ NURSE
JANE DOE, DEPUTY POLSELLI (improperly
captioned as Deputy Perelli), DEPUTY JOHN
DOE #3, CRAIG W. HAEHNEL,

Defendants.

Case No. 07-12249
Judge Gerald E. Rosen
Magistrate Judge Mona K. Majzoub

_____/

| | |
|---|---|
| SILVER & VAN ESSEN, P.C.<br>By:  DOUGLAS W. VAN ESSEN (P33169)<br>116 Ottawa Avenue N.W.<br>Grand Rapids, MI  48503<br>(616) 988-5600<br>Attorneys for Plaintiff<br>dwv@silvervanessen.com | CUMMINGS, McCLOREY, DAVIS & ACHO, PLC<br>By:  T. JOSEPH SEWARD (P35095)<br>33900 Schoolcraft<br>Livonia, MI  48150<br>(734) 261-2400<br>Attorneys for Defendants Chapman, Miks, Murphy, Liddell, York, Byerle, Cottongim, Rosenberg, Gwinn, Crane, Davis, Morris, Morse, Bezotte, Zimmerman and Polselli |

_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL DEFENDANTS TO ANSWER DISCOVERY REQUESTS**

## <u>TABLE OF CONTENTS</u>

ISSUE PRESENTED.................................................................................iii

TABLE OF AUTHORITIES......................................................................iv

STATEMENT OF THE FACTS...................................................................1

    Background.........................................................................................1

    The Present Motion............................................................................1

LAW AND ARGUMENT.............................................................................2

I.    DISCOVERY IS LIMITED...................................................2

II.    COMPLIANCE WITH DISCOVERY REQUESTS IS EXCUSED WHEN THE DISCOVERY REQUESTS ARE OVER BROAD, IRRELEVANT AND COVERED BY THE ATTORNEY-CLIENT PRIVILEGE.................4

III.    PRIOR HAPPENINGS SHOULD NOT BE SUBJECT TO DISCOVERY..7

IV.    THE FOURTEENTH AMENDMENT TO THE UNITED STATES' CONSTITUTION PROTECTS PRIVATE AND PERSONAL INFORMATION FROM DISCLOSURE.....................................11

V.    THE EXECUTIVE PRIVILEGE IS APPLICABLE TO CERTAIN OF PLAINTIFF'S DISCOVERY REQUISITIONS; THEREFORE DISCLOSURE OF SOME DOCUMENTS IS IMPROPER......................12

VI.    IT WOULD BE COMPLETELY UNJUST TO AWARD PLAINTIFF COSTS; IN FACT, THIS HONORABLE COURT SHOULD ISSUE AN ORDER GRANTING DEFENDANTS THEIR COSTS AND ATTORNEY FEES ASSOCIATED WITH THE PRESENT MOTION....................................16

CONCLUSION........................................................................ .................18

## <u>ISSUE PRESENTED</u>

WHETHER A MOTION TO COMPEL ANSWERS TO DISCOVERY REQUESTS
SHOULD BE GRANTED WHEN THE DISCOVERY REQUESTS WERE PROPERLY
OBJECTED TO ON THE BASES OF IRRELEVANCE, BEING OVER BROAD, UNDULY
BURDENSOME, SUBJECT TO THE ATTORNEY-CLIENT PRIVILEGE, SUBJECT TO
THE EXECUTIVE PRIVILEGE AND SUBJECT TO THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION.

Defendants say "**no**."

# TABLE OF AUTHORITIES

## CASE LAW

### United States Supreme Court

*Oppenheimer Fund, Inc. v. Sanders,*
437 U.S. 340 (1978)....................................................................................2, 4

*Hickman v. Taylor,*
329 U.S. 495, 507 (1947)....................................................................................2

### Sixth Circuit Court of Appeals

*Kallstrom v. City of Columbus,*
136 F.3d 1055 (6th Cir.1998)....................................................................................12

*Krause v. Rhodes,*
671 F.2d 212 (6th Cir. 1982)....................................................................................3

*United States v. 266 Tonawanda Trail,*
95 F.3d 422 (6th Cir. 1996)....................................................................................2

### Other United States Courts of Appeals

*Corwin v. Marney, Orton Investments,*
843 F. 2d 194 (5th Cir. 1988)....................................................................................4

*United States v. Beasley,*
809 F.2d 1273 (7th Cir. 1987)....................................................................................8, 9

*United States v. Brown,*
946 F.2d 1191 (6th Cir. 1991)....................................................................................9, 10

### United States District Courts

*Brennan v. Local Union No. 639, Intern. Broth. of Teamsters, Brennan v.
Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen
and Helpers of America,*
494 F.2d 1092 (C.A.D.C. 1974)....................................................................................3

*Cotracom Commodity Trading Co. v. Seaboard Corp.,*
189 F.R.D. 456 (D.Kan. 1999)....................................................................................17

*Diversified Industries, Inc. v. Meredith,*
572 F.2d 596, 601 (C.A.Mo. 1977)..................................................................6

*Dowd v. Calabrese,*
101 F.R.D. 427 (D.C.D.C. 1984)..............................................................13, 15

*Frankenhauser v. Rizzo,*
59 F. R. D. 339 (E.D. Pa. 1973)...............................................................14, 15

*Kaiser Aluminum & Chemical Corp. v. U.S.,*
141 Ct. Cl. 38; 157 F. Supp. 939 (1958)..................................................13, 14

*Leighr v. Beverly Enterprises-Kansas Inc.,*
164 F.R.D. 550 (D. Kan. 1996)...............................................................3, 5, 6

*Manning v. General Motors,*
247 F.R.D. 646 (D.Kan. 2007)........................................................5, 6 10, 17

*Martinez v. City of Stockton,*
132 F.R.D. 677 (E.D. Cal. 1990)..................................................................10

*Mayo v. Tri-Bell Industries, Inc.,*
787 F.2d 1007 (1986)......................................................................................4

*Mueller v. Walker,*
124 F. R. D. 654 (D. Or. 1989).....................................................................14

*Payless Shoesource Worldwide, Inc. v. Target Corp. and Target Brands, Inc.,* 2
37 F.R.D. 666 (D.Kan. 2006)..................................................................16, 17

*Owens v. Sprint/United Mgmt. Co.,*
221 F.R.D. 649, 652 (D.Kan. 2004).................................................................5

*Rogers v Hyatt,*
91 F. R. D. 399, 405 (D.C. Col. 1980)...........................................................12

*Segura v. City of Reno,*
116 F.R.D. 42 (D. Nev. 1987)................................................................8, 9, 14

*Simons-Eastern Company v. United States,*
55 F.R.D. 88 (N.D. Ga.1972)......................................................................3, 4

*Stevenson v. Stanley Bostitch, Inc.,*
201 F.R.D. 551 (N.D. Ga. 2001).....................................................................5

*United States v. Baker*,
105 F. 3d 660 (7th Cir. 1997)..........................................................................8, 9

*United States v. Rosario Fuentez*,
231 F. 3d 700 (10th Cir. 2000)............................................................................10

*Vilastor Kent Theatre Corp v. Brandt*,
18 F.R.D. 199 (S.D.N.Y. 1955).............................................................................6

*Wood v. Breier*,
54 F.R.D. 7, 11 (E.D. Wis. 1972).........................................................................13

## COURT RULES

Federal Rules of Civil Procedure

Fed. R. Civ. P. 26...............................................................................................2, 3

Fed. R. Civ. P. 37...........................................................................................16, 17

Federal Rules of Evidence

Fed. R. Evid. 404.........................................................................................8, 9, 10

Fed. R. Evid. 608............................................................................................9, 10

## STATEMENT OF THE FACTS

Background

     This case arises out of a couple of occasions which transpired in the Livingston

County Jail.  On May 24, 2007, a prisoner, acting in pro per, brought suit against

Livingston County Sheriff's Department Deputies.  Plaintiff has alleged a violation of 42

U.S.C. § 1983, a violation of 42 U.S.C. § 1985, a violation of 42 U.S.C. § 1986,

excessive force involving the deputies, lack of medical attention, assault, battery,

negligence, and conspiracy to violate the civil rights of Plaintiff.  April 25, 2008 is the

date discovery is set to close.

The Present Motion

     On February 26, 2008, Plaintiff sent Defendants his First Interrogatories and First

Request for Production of Documents.  (*See* Exhibit 1 to Plaintiff's Motion to Compel

Defendants to Answer Discovery Requests.)  On March 25, 2008, Defendants provided

Plaintiff with Objections to Certain of Plaintiff's Interrogatories and Requests for

Production of Documents.  (*See* Exhibit 2 to Plaintiff's Motion.)  The objections asserted

by Defendants are proper.  (*See* Exhibit 2 to Plaintiff's Motion.)  Defendants maintain

that several of Plaintiff's discovery solicitations were irrelevant, over broad, unduly

burdensome, demanding information covered by the attorney-client privilege, seeking

documents and statements covered by the executive privilege, and asking for

information protected by the Fourteenth Amendment to the United States Constitution.

(*See* Exhibit 2 to Plaintiff's Motion.)  However, Plaintiff has now filed a Motion to Compel

Defendants to provide answers to the interrogatories and document requests to which

Defendants appropriately objected, among other discovery wishes.  (*See* Plaintiff's

Motion and Brief in Support.)

## LAW AND ARGUMENT

### I.   DISCOVERY IS LIMITED.

Consistent with Fed. R. Civ. P. 26(b)(1), which provides that discovery may be

obtained on any matter pertinent to the case-at-hand unless the matter is *privileged*,

"[d]iscovery, like all matters of procedure, has ultimate and necessary boundaries."

*Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 348, 351 (1978), *quoting Hickman v.*

*Taylor*, 329 U.S. 495, 507 (1947); *see also United States v. 266 Tonawanda Trail*, 95

F.3d 422 (6th Cir. 1996).  In fact, Fed. R. Civ. P. 26(b)(2) limits discovery in several ways

and Fed. R. Civ. P. 26(b)(2)(C) specifically states:

> On motion or on its own, the court must limit the frequency or extent of
> discovery otherwise allowed by these rules or by local rule if it determines
> that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can
> be obtained from some other source that is more convenient, less
> burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the
> information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely
> benefit, considering the needs of the case, the amount in controversy, the
> parties' resources, the importance of the issues at stake in the action, and
> the importance of the discovery in resolving the issues.

Additionally, Fed. R. Civ. P. 26(c)(1) serves to limit discovery in the following ways.

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted . . .

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs. *See also Krause v. Rhodes*, 671 F.2d 212 (6th Cir. 1982).

A court is also empowered to issue a protective order when that which is desired through discovery is irrelevant to the case at bar. *Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550 (D. Kan. 1996). "[C]ourts, as indicated by the Advisory Committee's Notes to Federal Rule of Civil Procedure 26(b), have broad powers to regulate or prevent discovery and such powers have always been freely exercised." *Brennan v. Local Union No. 639, Intern. Broth. of Teamsters, Brennan v. Local Union No. 639, Intern. Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 494 F.2d 1092 (C.A.D.C. 1974), *citing Simons-Eastern Company v. United*

3

*States*, 55 F.R.D. 88 (N.D. Ga.1972). *See also Corwin v. Marney, Orton Investments,*

843 F 2d 194, 200 (1988), *citing Mayo v. Tri-Bell Industries, Inc.*, 787 F.2d 1007

(1986) (courts have "broad discretion in limiting discovery"). The aforementioned

propositions are applicable not only to claims, but to defenses, as well. *Oppenheimer*

*Fund, Inc. v. Sanders*, 437 U.S. 340 (1978).

II.   **COMPLIANCE WITH DISCOVERY REQUESTS IS EXCUSED WHEN THE DISCOVERY REQUESTS ARE OVER BROAD, IRRELEVANT AND COVERED BY THE ATTORNEY-CLIENT PRIVILEGE.**

The second request for production of documents Plaintiff made to Defendants is

set forth below.

2.   **Produce any and all documents evidencing communications by and between any Defendant and/or any representative of Defendant, and Robert Alan Reuther.**

**RESPONSE:**   **Defendants object to this request for the reason it is irrelevant, over broad and burdensome. Also, given the breadth of the request, the documents sought would include those documents protected by the attorney-client privilege as well as the executive privilege.**

The plaintiff's second interrogatory asks:

2.   **State whether each Defendant has been a party to any lawsuit, other than the present one, involving the alleged use of excessive force. For each lawsuit, further state:**

a.   **The name of the suit;**
b.   **Defendant's status therein;**
c.   **The kind of suit involved;**
d.   **The Court in which the suit was filed;**
e.   **The court number of the suit;**
f.   **The date of filing; and**

4

g.     The ultimate disposition of the case.

**RESPONSE:**          **Defendants object to this interrogatory for the reason it is over broad and burdensome.  Plaintiff does not place any time constraints on the interrogatory.**

Interrogatory Number 6 states:

6.     **Identify all inmates housed at any time on the dates of the incidents in Name and last known address;**

    a.     **Last known telephone number;**
    b.     **Whether the inmate is still housed at the Livingston County Jail; and**
    c.     **Whether the individual has provided statements or given interviews to Defendants or the Livingston County Sheriff's Department.**

**RESPONSE:**          **Defendants object to this interrogatory for the reason it is over broad and burdensome.**

Federal case law has made it clear that discovery requests for documents which are up to five years old are indeed over broad.  *See Manning v. General Motors*, 247 F.R.D. 646 (D.Kan. 2007).  In *Manning*, the Court limited the temporal scope to three years prior to the occurrence of the incident at issue.  247 F.R.D. 646  *See also Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D.Kan. 2004) (two and a half years prior was deemed an appropriate temporal scope).  Likewise, Interrogatory Number 2 and Notice to Produce Number 2 should not be answered as they are over broad.  At least a three year time limit was provided in *Manning*, supra; whereas in the current case, there is **no** time limit whatsoever.  Surely if a request for writings only five years old was held to be over broad, then requests for information and papers with **no** time limitation ought to be called over broad, as well.  Furthermore, it is indubitable

5

that Interrogatory 6 which petitions for data on "all inmates housed at any time on the
dates of the incidents" is over broad and burdensome in that Plaintiffs expect a vast
amount of information on a large number of persons.

"The information sought by means of the discovery process must be relevant to
the issues in an action or must be useful in uncovering the existence of information
relevant to the issues in the action." *Vilastor Kent Theatre Corp v. Brandt*, 18 F.R.D.
199 (S.D.N.Y. 1955).  Further, Fed. R. Civ. P. 26(b)(1) provides that unless relevancy of
that which is sought during discovery is obviously relevant to the current case, the party
making the discovery request is under an obligation to prove the relevancy.  *Manning*,
247 F.R.D. 646; *Leighr*, 164 F.R.D. 550.  Further, as will be explained below, prior
actions should not be subject to discovery.

Next, it is a "long established rule that confidential communications between an
attorney and his client are absolutely privileged from disclosure against the will of the
client." *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (C.A.Mo. 1977).  All
that is required

> [i]n order for the privilege to be applicable [is that] the parties to the
> communication in question . . . bear the relationship of attorney and client.
> Moreover, the attorney must have been engaged or consulted by the client
> for the purpose of obtaining legal services or advice services or advice
> that a lawyer may perform or give in his capacity as a lawyer, not in some
> other capacity. *Diversified Industries, Inc.*, 572 F.2d at 601.

Given the breadth of Request for Production of Documents Number 2, as it includes any
agents of Defendants, while there is no question that an attorney is an agent of his
client, some if not all, the items pertaining to Request 2 are subject to the attorney-

client privilege.  Thus, the request simply cannot be answered.

### III.    PRIOR HAPPENINGS SHOULD NOT BE SUBJECT TO DISCOVERY.

Interrogatory numbers 2, 3 and 4 concern prior acts of Defendants and those

employed by Defendant Livingston County.  That is troubling as information relative to

such situations is not discoverable.  Interrogatory Number 3 states:

3.    **Identify all instances of alleged use of excessive force in the Livingston County Jail within the last seven (7) years.  For each instance, further state:**

   a.    **The name, last known address, and last known telephone number of the individual alleging or reporting the use of excessive force;**
   b.    **The name, last known address, and last known telephone number of any corrections officers involved in the incident;**
   c.    **The date of the incident;**
   d.    **Whether any documents or reports were generated as a result of the incident and attach copies of the same to your response;**
   e.    **Describe the factual circumstances surrounding the incident; and**
   f.    **The ultimate disposition of the incident and whether any disciplinary action was taken.**

**RESPONSE:**        **Defendants object to this interrogatory for the reason it is irrelevant, over broad and burdensome.  Furthermore, Plaintiff seeks privileged documents protected by the executive privilege.**

Along the same lines, question number 4 reads as follows.

4.    **State whether each Defendant, in the course of their employment as a corrections officer, has ever been involved in an incident, other than the present one, involving the alleged use of excessive force. For each such incident, state:**

7

a.    The name, last known address, and last known telephone
number of the individual alleging or reporting Defendant use
of excessive force;

b.    The name, last known address, and last known telephone
number of any other corrections officers involved in the
incident;

c.    The location/facility in which the incident occurred;

d.    The date of the incident;

e.    Whether any documents or reports were generated as a result
of the incident and attach the same to you response;

f.    Describe the factual circumstances surrounding the incident;
and

g.    The ultimate disposition of the incident and whether any
disciplinary action was taken against the Defendant.

**RESPONSE:**    Defendants object to this interrogatory for the reason it
is irrelevant, over broad and burdensome.  It also seeks
information and documents protected by the executive
privilege.  In the spirit of cooperation, though,
Defendants would be willing to submit the individual
officers' personnel files an in camera review by the
Magistrate for materials that might be responsive to this
Interrogatory.

As a rule, character evidence, including instances of prior bad acts, is

inadmissible unless a valid exception applies. Fed. R. Evid. 404; *U.S. v. Beasley*, 809

F.2d 1273 (7th Cir. 1987).  Previous wrongs will only be allowed if intended to prove

"motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of

mistake or accident." Fed. R. Evid. 404(b).  The Court in *U.S. v. Baker* explained the

preceding case in the following manner.  "What *Beasley* requires, however, is that the

district judge ... identify the exception that applies to the evidence in question and

evaluate whether the evidence, although relevant and within the exception, is sufficiently

probative to make tolerable the risk that jurors will act on the basis of emotion or an

8

inference via the blackening of the defendant's character.'" 105 F. 3d 660 (7th Cir.

1997), quoting *Beasley*, 809 F.2d at 1279.

Similar to the case at bar, in *Segura v. City of Reno*, personnel files of two police

officers who were named as defendants in a civil rights action, which contained

documents relating to past incidents of excessive force, were not discoverable, where

liability of individual police officer arose out of a particular occurrence, and evidence of

other similar occurrences could only show propensity for excessive use of force which

would be inadmissible "conduct in conformity with character" evidence, and it was not

evidence calculated to lead to discovery of admissible evidence. 116 F.R.D. 42 (D.

Nev. 1987), *citing* Fed. R. Evid. 404(b). Specifically, the Court held:

> [t]his sort of "past conduct" evidence is not admissible in federal courts,
> with very narrow exceptions. Fed.R.Evid. 404(b). It further appears that
> the documents are not likely to lead to admissible evidence. The liability of
> the individual police officer arises out of this particular incident. Evidence
> of other similar incidents could only show a propensity for excessive use
> of force. This is the sort of "conduct in conformity with character" evidence
> which § 404(b) prohibits. *Segura*, 116 F. R. D. at 44.

Not only does Rule 404(b) prohibit the use of prior bad acts except in very limited

circumstances, but Fed. R. Evid. 608(b) does, as well. Indeed, it dictates:

> [s]pecific instances of the conduct of a witness, for the purpose of
> attacking or supporting the witness' character for truthfulness, other than
> conviction of crime as provided in rule 609, may not be proved by extrinsic
> evidence. They may, however, in the discretion of the court, if probative of
> truthfulness or untruthfulness, be inquired into on cross-examination of the
> witness (1) concerning the witness' character for truthfulness or
> untruthfulness, or (2) concerning the character for truthfulness or
> untruthfulness of another witness as to which character the witness being
> cross-examined has testified. Fed. R. Evid. 608(b). *See also U.S. v.*
> *Brown*, 946 F.2d 1191 (6th Cir. 1991) (standing for the proposition that it is

9

only during cross examination that previous conduct may be discussed
and only in the interest of enlightenment as to the truthfulness of the
witness on the stand).

"[T]he 'substantial' possibilities of abuse in this area require safeguards including

disallowing the use of instances that are remote in time, requiring the instances to be

probative of truthfulness, and subject to the overriding protections of Rule 403." *U.S. v.*

*Rosario Fuentez*, 231 F. 3d 700 (10th Cir. 2000) (the cross examination of a police

officer inquiring into instances of prior actions was deemed inappropriate

notwithstanding the opposing party's contention that, because she wished to show bias

and a tendency to lie, she could probe into past conduct pursuant to Rule 608(b)), *citing*

Fed. R. Evid. 608(b) Advisory Committee Notes.  Not only is it wrong to inquire into past

behavior when a police officer is on the witness stand, but it is also impermissible to

discover such information.  *See Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal.

1990).

Turning to the case at bar, the information Plaintiff has asked for is wholly

irrelevant to the issues and facts disputed in the instant case, and it is in no way

reasonably calculated to lead to the discovery of admissible evidence as Fed. R. Evid.

404 and 608 make it unequivocal that episodes of earlier actions are inadmissible.

Additionally, consistent with *Manning*, interrogatory question number 4 is over broad

due to the lack of any sort of time constraint.  247 F.R.D. 646.  Moreover, as Plaintiff

wants to know about past examples of allegations of excessive force involving either the

corrections officers or the Livingston County Jail *itself*, both of these interrogatories are

10

indeed over broad and burdensome.  Lastly, as will be demonstrated later, the

executive privilege applies to both of these inquiries.  Accordingly, these discovery

queries should be denied, with the exception of the items which Defendants have

agreed to produce for an in camera inspection.

### IV.    THE FOURTEENTH AMENDMENT TO THE UNITED STATES' CONSTITUTION PROTECTS PRIVATE AND PERSONAL INFORMATION FROM DISCLOSURE.

Interrogatories 5 and 9 request personal and private data on law enforcement

and/or corrections officers.  Said personal information is properly protected from

disclosure by the United States Constitution.

**5.    Identify any and all investigations into the incidents of alleged use of excessive force identified in Plaintiff's Complaint.  For each such instance, further state:**

**d.    Identify the name, last known address, and last known telephone number of any individual that gave a statement or was interviewed during the investigation.**

**RESPONSE:**    **Defendants object to this interrogatory to the extent that it seeks personal information of any law enforcement and/or corrections officer, for the reason that the officers have a constitutionally protected right not to divulge that information.**

**9.    State the names, last known addresses, and last known telephone number of each and every witness who can or will testify at trial, and state the substance of the anticipated testimony of each.**

**RESPONSE:**    **To the extent that Plaintiff seeks personal information regarding law enforcement and/or corrections officers, Defendants object to providing any personal information because these officers have a constitutionally protected right not to divulge that information.**

11

In *Kallstrom v. City of Columbus*, the Sixth Circuit Court of Appeals made it quite clear that

> disclosure of [police] officers' addresses, phone numbers, and driver's licenses . . . place[s] [police] officers . . . at a substantial risk of serious bodily harm, the prior release of this information encroached upon their fundamental rights to privacy and personal security under the Due Process Clause of the Fourteenth Amendment. 136 F.3d 1055, 1064-65 (6th Cir. 1998).

In the present case, it is personal information on law enforcement and/or corrections officers that is desired. Pursuant to the Sixth Circuit Court of Appeals precedent, Defendants should not be required to release the private data. Thus, the above discovery requests were appropriately objected to by Defendants and, as such, they ought to be correctly denied by this honorable Court.

## V.   THE EXECUTIVE PRIVILEGE IS APPLICABLE TO CERTAIN OF PLAINTIFF'S DISCOVERY REQUISITIONS; THEREFORE DISCLOSURE OF SOME DOCUMENTS IS IMPROPER.

The deliberative (executive) process privilege[1] clearly applies to the following discovery requests.

**3.   Produce any and all documents related to, or generated as a result of, any incidents that are the subject matter of this lawsuit, including, but not limited to, incident reports, notes, or investigation documents.**

**RESPONSE:   Defendants object to this request for the reason it is irrelevant, over broad and burdensome. To the extent that such documents are not protected by the executive**

---

[1] The privilege has been known by many names, such as governmental privilege, deliberative process privilege, deliberative privilege and executive privilege. *See Rogers v Hyatt*, 91 F. R. D. 399, 405 (D.C. Col. 1980).

12

privilege, Defendants will produce the materials.

4.   **Produce any and all statements of any Defendant, corrections officers, inmates, or witnesses related to, or generated as a result of, the incident that is the subject matter of this lawsuit.**

**RESPONSE:**        **Defendants object to this request for the reason it is irrelevant, over broad and burdensome.  To the extent that such documents are not protected by the executive privilege, Defendants will produce the materials.**

5.   **Produce any and all documents, including, but not limited to, reports, notes, investigation documents, or statements related to, or generated as a result of, any incident involving the alleged use of excessive force by corrections officers of the Livingston County Jail in the last seven (7) years.**

**RESPONSE:**        **Defendants object to this request for the reason it is irrelevant, over broad and burdensome.  Also, given the breadth of the request, the documents sought would include those documents protected by the attorney-client privilege as well as the executive privilege.**

As the executive privilege is important for a variety of public policy reasons, an assertion of this privilege is "entitled to great respect." *Kaiser Aluminum & Chemical Corp. v. U.S.*, 141 Ct. Cl. 38; 157 F. Supp. 939 (1958); *Wood v. Breier*, 54 F.R.D. 7, 11 (E.D. Wis. 1972).  This privilege has operated to guard materials from release in many cases. *Dowd v. Calabrese*, 101 F.R.D. 427 (D.C.D.C. 1984).

> Free and open comments on the advantages and disadvantages of a proposed course of governmental management would be adversely affected if the civil servant or executive assistant were compelled by publicity to bear the blame for errors or bad judgment properly chargeable to the responsible individual with power to decide and act. Government from its nature has necessarily been granted a certain freedom from control beyond that given the citizen. It is true that it now submits itself to suit but it must retain privileges for the good of all.  There is a public policy

13

involved in this claim of privilege for this advisory opinion-the policy of open, frank discussion between subordinate and chief concerning administrative action.    *Kaiser Aluminum*, 157 F. Supp. at 945.

The seminal case regarding the application of the executive privilege to the disclosure of police files declared that a balancing test, stating that "when executive privilege is asserted, the court must balance the public interest in the confidentiality of governmental information against the **needs of a litigant to obtain data, not otherwise available to him,** with which to pursue a non-frivolous cause of action." *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973) (emphasis added).  The Court listed the below factors as part of the balancing test.

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *Frankenhauser v. Rizzo*, 59 F.R.D. at 344 (E.D. Pa. 1973).

Analogous to the case at bar, police internal investigation files were petitioned for in the case of *Mueller v. Walker*, which arose out of an allegation of excessive force in relation to a lawful arrest. 124 F.R.D. 654 (D.Or. 1989).  The Court held that, with the exception of factual data contained within said files, said files were protected from

14

disclosure because they were evaluative in nature. *Mueller*, 124 F.R.D. 654; *see also Segura*, supra (a police department was not obligated to produce evaluative summaries and discipline issues contained within internal affairs reports due to the principles of the well-established executive privilege).  Finally,

> [i]t is difficult to imagine material more clearly protected by the deliberative process privilege. Evaluations of facts and recommendations to superiors regarding possible consequences and governmental actions are precisely the types of expressions which the privilege is intended to protect. *Dowd*, 101 F.R.D. 427.

In the current matter, Requests 3, 4 and 5 seek documents and statements that are protected by the executive privilege.  After all, Plaintiff is trying to discover internal investigative files which likely contain evaluative summaries.  Moreover, employing the balancing test created by *Frankenhauser*, supra, it must be noted that Plaintiff has failed to establish any sort of a need *whatsoever* for the demanded documents and statements.  Accordingly, the need to protect these files clearly outweighs Plaintiff's absent need for knowledge of the information.  Allowing Plaintiff access to these documents and statements would unquestionably thwart the internal investigative and evaluative process in that candid communication within the Livingston County Jail would undoubtably be chilled.  If discovery of the above documents and statements were permitted, then the employees of the Livingston County Jail would become reluctant to engage in open, honest and candid communication for fear that such exchanges would later be divulged to adverse parties and possibly the public.  Not many persons who enjoy having their words and thought processes scrutinized, criticized and ridiculed

exist. Thus, it is uncertain what would become of the integrity and security of the Jail if anyone could be privy to the details of internal evaluations, investigations and decisions. It is apparent, however, that the result of such exposure would be a negative one.

Additionally, Plaintiff demands "**any and all** documents **related to, or generated as a result of any** incidents,**" "any and all** statements . . . **related to, or generated** as a result of" and "**any and all** documents . . . **related to, or generated** as a result of, **any** incident**"** in Notices to Produce Numbers 3, 4 and 5, respectively. (*See* Exhibit 2 to Plaintiff's Motion, emphasis added.)  It should be clear, by viewing the terminology in bold that the foregoing requests are over broad and burdensome and, therefore, improper.  Next, as demonstrated in the preceding pages, Number 5 concerns prior allegations of excessive force which cannot be discovered because they are completely irrelevant and for the reason that Plaintiff seeks knowledge of previous actions.  Hence, the documents sought after in Request 5 should not be released.

### VI.   IT WOULD BE COMPLETELY UNJUST TO AWARD PLAINTIFF COSTS; IN FACT, THIS HONORABLE COURT SHOULD ISSUE AN ORDER GRANTING DEFENDANTS THEIR COSTS AND ATTORNEY FEES ASSOCIATED WITH THE PRESENT MOTION.

Fed. R. Civ. P. 37(a)(1) requires that one take reasonable actions designed to obtain compliance with a discovery request prior to filing a motion to compel with the Court.  Further, Fed. R. Civ. P. 37(a)(5)(A)(i) dictates that costs must not be awarded to a party moving to compel discovery without first making an effort to obtain responses to its discovery inquiries.  "Meet and confer requirements are not satisfied 'by requesting or demanding compliance with the requests for discovery.'  The parties must

16

'determin[e] precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.'" *Manning*, 247 F.R.D. at 650, *quoting Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D.Kan. 1999). *See also Payless Shoesource Worldwide, Inc. v. Target Corp. and Target Brands, Inc.*, 237 F.R.D. 666 (D.Kan. 2006) (noting that more than just sending written notes is needed to satisfy the requirement). In spite of this, Defendants possess no record of any such communication; whether in the form of a letter, an e-mail message, or a phone message from Plaintiff's Counsel or anyone else. Certainly, this Court should not award Plaintiff his costs after his disobedience of Fed. R. Civ. P. 37(a)(1), especially considering Rule 37(a)(5)(A)(i).

In addition, Fed. R. Civ. P. 37(a)(5)(A) authorizes a court to order the moving party's attorney or the moving party to reimburse the nonmoving party its costs in opposing a motion such as this if the motion is denied. So, Defendants pray for an award of the costs and expenses incurred in relation to its opposition of the instant motion.

17

## CONCLUSION

In light of the foregoing, Defendants respectfully request that this Court

deny Plaintiff's Motion to Compel Defendants to Answer Discovery Requests and order

the reimbursement of Defendants' costs and attorney fees incurred in the opposition of

the current motion.


Respectfully submitted,

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**


By: s/T. Joseph Seward
       P35095
       33900 Schoolcraft
       Livonia, MI  48150
       Phone:  (734) 261-2400
       E-mail Address: tjseward@cmda-law.com
       Attorneys for Defendants

DATED: April 18, 2008

P:\lba\Reuther v Livingston County\Reuther.response.brief.mot.compel.4.7.2008.wpd

18

I hereby certify that on April 18, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  DOUGLAS W. VAN ESSEN.

s/T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, MI  48150
Phone:  (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P 35095