# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT REUTHER,**

        **Plaintiff,**                  **CIVIL ACTION NO. 07-CV-12249-DT**

  **VS.**                            **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PLAINTIFF ROBERT ALAN REUTHER TO ANSWER DEPOSITION QUESTIONS AND FOR SANCTIONS AGAINST DOUGLAS VAN ESSEN

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a Michigan state prisoner. Defendants have moved to compel Plaintiff to answer deposition questions and for sanctions against Plaintiff's counsel for his conduct during Plaintiff's deposition on January 18, 2008. (Docket no. 40). Plaintiff has filed a Response. (Docket no. 41). Defendants filed a Reply brief. (Docket no. 45). All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

    **1. Facts and Contentions of the Parties**

Defendants claim that Plaintiff's counsel acted inappropriately during Plaintiff's deposition because counsel allegedly continually instructed his client not to respond to proper deposition questions either without asserting an evidentiary privilege or asserting an inapplicable privilege. (Docket no. 40 at 3). Defendants request that this Court order Plaintiff to answer deposition questions and sanction Plaintiff's counsel.

Plaintiff's counsel responds by arguing that his interruptions were necessary because of the unique circumstances of that day. Counsel states by affidavit that Plaintiff's mother died a few days

before the deposition was taken and that Plaintiff's mother was being buried on the day of the deposition. (Docket no. 41, ex. B). When counsel arrived at the prison on the day of the deposition he learned that earlier that day Plaintiff had been involved in an incident with corrections officers and had been placed in the "hole" in restraints. (*Id.*). Plaintiff was emotionally distraught. (*Id.*). The corrections captain did not know whether criminal charges would be brought against Plaintiff. (*Id.*). Counsel spent the next twenty minutes calming Plaintiff down so that his deposition could be taken. (*Id.*). Counsel further states that he only interrupted the deposition questioning to facilitate the deposition and only instructed Plaintiff not to answer on two occasions when counsel believed that Plaintiff's responses might reasonably compromise his Fifth Amendment rights or the attorney-client privilege. (*Id.*). Discovery ends in this action on April 25, 2008.

2. **Sanctions and/or Expenses**

The Court has reviewed the transcript of the January 18, 2008 deposition and viewed the video submitted by the parties. (Docket no. 40, exs. E, F). The Court is convinced that, given the unique circumstances affecting Plaintiff's emotional condition during the deposition, Plaintiff's counsel was acting in good faith in interrupting the deposition when he did in order to calm Plaintiff and facilitate the deposition going forward. In addition, Plaintiff's counsel was acting in good faith in attempting to protect Plaintiff's rights when counsel objected based on Plaintiff's Fifth Amendment rights and on the attorney-client privilege. Therefore, the Court finds that Plaintiff's counsel's conduct was substantially justified and that the unique circumstances surrounding the deposition make an award of sanctions or expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendants' request for sanctions and expenses will be denied.

### 3. Fifth Amendment Privilege

Although sanctions and expenses are not warranted, Defendants' Motion to Compel requires the Court to determine whether in fact Plaintiff should not have to answer the questions asked based on either the Fifth Amendment privilege against self-incrimination or the attorney-client privilege. Plaintiff has submitted a copy of Plaintiff's prison misconduct report which is based on the events of the same day that Plaintiff's deposition was taken. (Docket no. 41, ex. C). This report shows that Plaintiff was convicted of threatening behavior toward corrections officers and of disobeying a direct order. He was placed in detention from January 25, 2008 until February 24, 2008 as discipline for the convictions.

Plaintiff does not allege, and nothing in the record shows, that criminal charges are pending or contemplated as a result of these misconduct charges. The report shows that Plaintiff's conduct was not so extreme that one would reasonably expect criminal charges to follow. The Fifth Amendment privilege applies to answers which present "a reasonable danger of further crimination in light of all the circumstances." *Rogers v. United States*, 340 U.S. 367, 374 (1951). A "mere imaginary possibility" of increasing the danger of prosecution does not justify upholding a claim of privilege. *Id.* at 375. Under the circumstances of Plaintiff's prison misconduct, he has failed to show that there is a reasonable danger of prosecution increasing if he answers questions regarding the events forming the basis of his misconduct charges. Therefore, he must answer questions regarding his conduct.

### 4. Attorney-Client Privilege

During Plaintiff's deposition Plaintiff's counsel objected to a question based on attorney-client privilege. The question concerned what another attorney, Hugh Davis, said to Plaintiff. Hugh Davis is an attorney to whom Plaintiff apparently paid $5,000 for him to investigate the events which form the basis of this civil action. Plaintiff stated that Counsel Davis took the money from his family, "went

3

around, asked a few questions, [and] came and visited me once." (Docket no. 40, ex. F, p. 43 of deposition transcript). Plaintiff was about to reveal what Counsel Davis told him when his counsel interrupted him. Defendants' counsel then asked Plaintiff directly what Counsel Davis told him. Plaintiff's counsel objected and established that Plaintiff considered Counsel Davis to be working on Plaintiff's behalf. Plaintiff stated that Davis' firm hired Mr. Pleasant as a subcontractor to look into his case as well. After Plaintiff answered that question his counsel told him that his answer was sufficient. Defendants' counsel objected to Plaintiff's counsel advising Plaintiff to stop answering, and thereafter Defendants' counsel cancelled the deposition. (Docket no. 40, ex. F at pp. 43-47).

The common law privilege applies in this section 1983 action. Fed. R. Evid. 501. The elements of the attorney-client privilege are: (1) where legal advice of any kind is sought; (2) from a professional legal adviser in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal adviser; (8) unless the protection is waived. *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998). The privilege does not apply to a lawyer's communications to the client regarding what the lawyer was told by third persons. 24 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure § 5484, p. 385 (1986). Nor does the privilege protect an attorney's conclusions as related to the client when this disclosure does not reveal what the client has said. *Clute v. Davenport Co.*, 118 F.R.D. 312, 314 (D. Conn. 1988).

The burden is on Plaintiff to establish that the privilege applies. *In re VisionAmerica, Inc. Sec. Litig.,* 2002 WL 31870559, slip copy at *2 (W.D. Tenn. Dec. 18, 2002). Plaintiff has failed to show that the privilege applies to the communication he seeks to protect. The question asked what Counsel Davis told Plaintiff. The context of Plaintiff's answer suggests that the communication consisted of either what third parties had told counsel or counsel's conclusions based on what he had learned from third

4

parties. There is no suggestion that Plaintiff's answer would reveal anything that Plaintiff told Counsel Davis. The privilege does not protect such conclusions or information from third parties. In addition, Plaintiff has not established that the communication was made in confidence. Therefore, Plaintiff must answer the question of what Counsel Davis told him.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel and for Sanctions (docket no. 40) is **GRANTED IN PART AND DENIED IN PART** as set out above.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 23, 2008            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Robert Ruether and Counsel of Record on this date.

Dated: April 23, 2008            s/ Lisa C. Bartlett
                                 Courtroom Deputy