**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT REUTHER,**

        **Plaintiff,**             **CIVIL ACTION NO. 07-CV-12249-DT**

  **VS.**                              **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
        **Defendants.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION TO COMPEL AND
GRANTING PLAINTIFF'S MOTION TO ADJOURN DISCOVERY CUT-OFF DATES**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a Michigan state prisoner. Plaintiff claims that in 2004 he was assaulted by deputies while he was incarcerated in the Livingston County jail. Plaintiff filed his Motion to Compel Defendants to Answer Discovery Requests on April 4, 2008. (Docket no. 47). Defendants filed a Response on April 18, 2008. (Docket no. 48). Plaintiff has also filed a Motion to Modify Scheduling Order to Extend Discovery. (Docket no. 51). No response was filed to this motion. All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These matters are now ready for ruling.

    1.    **Plaintiff's Motion to Compel**

Plaintiff served his First Interrogatories and First Requests for Production of Documents on Defendants on February 26, 2008. (Docket no. 47, ex. 1). There were eleven interrogatories and five requests to produce documents. (*Id.*). Defendants served their objections to both sets of discovery on March 25, 2008. (Docket no. 47, ex. 2). Defendants filed objections to Interrogatories 2-6 and 9. They filed objections to Requests to Produce 2-5. Plaintiff alleges that Defendants have failed to provide any answers or objections to Interrogatories 1, 7, 8, 10 and 11. Plaintiff further alleges that Defendants have

failed to provide any answer or objection to Document Request No. 1. Plaintiff requests that the Court order Defendants to provide full and complete responses to all of his discovery requests. Defendants contend that their objections are proper and ask that Plaintiff's motion be denied. (Docket no. 48). The Court will address the discovery requests below.

### A. Interrogatories 1, 7, 8, 10, 11

Plaintiff contends and Defendants have not disputed that no objections or answers were served for Interrogatories 1, 7, 8, 10, and 11. Pursuant to Fed. R. Civ. P. 33(b)(2), Defendants were obligated to serve answers or objections within 30 days after service of these interrogatories. Any objections have now been waived. Therefore, Defendants will be ordered to serve full and complete answers to these interrogatories.

### B. Interrogatory 2

The interrogatories to which Defendants object remain. Interrogatory no. 2 asks particulars about any lawsuit in which any Defendant has been a party involving the alleged use of excessive force. (Docket no. 47, ex. 2 at 3). Defendants responded with an objection based on the interrogatory being overly broad and burdensome. The only specific objection was that the interrogatory does not include any time constraints. Plaintiff states that he is willing to limit this request to the last 7 years. (Docket no. 47 at 8). The Court finds that approximately 7 years is a reasonable time limitation. Plaintiff alleges in his Complaint that he was assaulted by Defendants in September and November of 2004. Records dating from September 2001 to the present are reasonably likely to reveal any admissible evidence or any evidence that might lead to admissible evidence. Defendants will therefore be ordered to answer Interrogatory no. 2 with the time limitation of from September 2001.

### C. Interrogatory 3

Interrogatory no. 3 asks Defendants to identify all instances of alleged use of excessive force in the Livingston County Jail within the past 7 years. It also asks for specific information regarding those reporting and involved in such instances, including addresses and telephone numbers. (Docket no. 47, ex. 2 at 3-4). Defendants objected to this interrogatory based on it being overbroad, burdensome, and because it sought irrelevant information. Defendants also claimed that it sought documents protected by the executive privilege. They did not submit a privilege log, however.

Defendants improperly responded to this interrogatory by claiming a privilege and failing to submit a privilege log as required by Fed. R. Civ. P. 26(b)(5). Moreover, under the executive privilege or as it is sometimes called, the deliberative process privilege, "intragovernment documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions and policies are formulated" are protected from disclosure in discovery. *See Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D. Pa. 1973). Therefore, Defendants may redact portions of the documents which are advisory opinions, recommendations, or which reveal deliberations. Factual matters should be disclosed. There is no need for personal information such as addresses or phone numbers to be disclosed. This information may also be redacted from any material disclosed by Defendants.

The Court finds that prior instances of the alleged use of excessive force are relevant to the claims and defenses in this action. The question is not simply whether this information will be admissible at trial. Evidence need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). Plaintiff has named the Sheriff as a Defendant in this action and claims that he is responsible for training deputies and failed to take corrective action for their excessive uses of force. (Docket no. 1 at 15). In the case relied upon by

Defendants, the court found that memoranda of previous incidents in which the defendants were accused of the excessive use of force could arguably be discoverable. *Segura v. City of Reno,* 116 F.R.D. 42, 44 (D. Nev. 1987). The only reason the information was not ordered to be disclosed was because a review of it revealed that in all instances proper disciplinary action was taken by the department and, thus, the information was not relevant to the claims of failure to train or supervise. (*Id.*). The information requested by Plaintiff's Interrogatory no. 3 is relevant. Plaintiff requests the records for the past 7 years. The Court finds that records from September 2001 are relevant and would not be overly burdensome for Defendants to produce. Defendants will therefore be ordered to answer Interrogatory no. 3, limited to records from September 2001 to the present, with the exception of the personal and evaluative information discussed above.

### D.     Interrogatory 4

Plaintiff asks in this interrogatory whether each Defendant has ever been involved in an incident involving the excessive use of force in their employment. The particular information requested includes addresses and phone numbers. Defendants objected on grounds of relevancy and being overly broad and burdensome. Defendants also raised the executive privilege without producing a privilege log. Defendants may redact any evaluative material contained in this information under the executive privilege. Also, the personal information such as addresses and phone numbers of the officers may be redacted. Finally, the information may be limited to records dating from September 2001. Otherwise, Defendants will be ordered to answer Interrogatory 4.

### E.     Interrogatory 5

This interrogatory asks Defendants to identify investigations into incidents of alleged use of force identified in Plaintiff's Complaint. Specific information such as addresses and phone numbers are requested. Defendants objected to the extent that the information requested is the personal

4

information of law enforcement/corrections officers. (Docket no. 47, ex. 2 at 5). As discussed above, Defendants need not reveal such personal information. Otherwise, they will be ordered to answer Interrogatory 5.

### F. Interrogatory 6

This interrogatory asks Defendants to identify all inmates housed on the dates of the incidents in the Livingston County Jail. Defendants objected because the interrogatory is overly broad and burdensome. (*Id.*). Defendants have failed to show how this interrogatory is overly broad or burdensome. They will be ordered to answer Interrogatory 6.

### G. Interrogatory 9

This interrogatory asks Defendants to state the names, addresses and phone numbers of each witness who will testify at trial, and the substance of their testimony. Defendants objected to the extent that Plaintiff seeks personal information regarding law enforcement/corrections officers. As discussed above, Defendants need not reveal such personal information as addresses and phone numbers of law enforcement/corrections officers. Otherwise, Defendants will be ordered to answer Interrogatory 9.

### H. Request for Production 1

Defendants did not object or respond to Plaintiff's Request for Production no. 1 which seeks documents identified in response to Plaintiff's interrogatories. Defendants will be ordered to respond to this request.

### I. Request for Production 2

This Request seeks documents evidencing communications by and between any Defendant and/or any representative of Defendant, and Plaintiff. Defendants objected because the interrogatory seeks irrelevant information and is overly broad and burdensome. Defendants also raised the executive

5

privilege and attorney-client privilege. (Docket no. 47, ex. 2 at 8). No privilege log was submitted, however.

The Court finds no basis to conclude that this Request seeks irrelevant information or is overly broad or burdensome. To the extent that responsive records reveal evaluative information as discussed above, those portions may be redacted pursuant to the executive privilege. Communications between a Defendant or the Defendant's representative, even an attorney, and the Plaintiff would likely not reveal any confidential information. However, to the extent that records responsive to this request are protected by the attorney-client privilege, Defendants must produce a privilege log listing each such document. Defendants will be ordered to respond to this Request.

### J. Request for Production 3

This Request seeks documents related to or generated as a result of any incidents that are the subject matter of this lawsuit. Defendants objected based on relevancy and overbreadth/burdensomeness grounds. Defendants stated that to the extent such documents are not protected by the executive privilege, they would be produced. Defendants may redact any evaluative information which would be protected by the executive privilege. Otherwise, Defendants will be ordered to respond to this Request.

### K. Request for Production 4

In this Request, Plaintiff asks for statements of any Defendant, corrections officer, inmate or witness related to the incident that is the subject matter of this action. Defendants repeated the same response as for Request 3. The Court finds no basis for Defendants' objections based on relevancy or overbreadth/burdensomeness. Also, Defendants may redact any evaluative information protected by the executive privilege. Otherwise, Defendants will be ordered to respond to this Request.

### L. Request for Production 5

This Request seeks all documents related to or generated as a result of any incident involving the alleged use of excessive force by corrections officers of the Livingston County Jail in the last 7 years. Defendants objected on relevancy and overbreadth/burdensome grounds. They also raised the attorney-client and executive privileges but did not submit a privilege log. The Court finds that the Request should be limited to incidents occurring since September 2001. Also, Defendants may redact any evaluative information covered by the executive privilege. To the extent that Defendants contend that a responsive document is protected by the attorney-client privilege, they must submit a privilege log listing each document. Otherwise, Defendants will be ordered to respond to this Request.

### 2. Plaintiff's Motion to Modify Scheduling Order

Plaintiff asks that the December 3, 2007 Scheduling Order be modified to extend the discovery cut-off date and the discovery motion cut-off date by 60 days. Defendants have not responded to this motion. The Court finds good cause for extending the requested dates for 60 days. Plaintiff's motion will therefore be granted. The new date for discovery cut-off will be June 25, 2008. The new date for discovery motion cut-off will be July 16, 2008. The date for dispositive motion cut-off will be August 6, 2008. The remaining dates will not be changed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 47) is **GRANTED IN PART AND DENIED IN PART.** Defendants are ordered to answer Plaintiff's Interrogatories 1-11 and respond to Plaintiff's Requests for Production 1-5, as directed above, on or before May 28, 2008.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Adjourn Discovery Cut-Off Dates (docket no. 51) is **GRANTED** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 16, 2008         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Robert Reuther and Counsel of Record on this date.

Dated: May 16, 2008         s/ Lisa C. Bartlett
                            Courtroom Deputy