**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ROBERT REUTHER,**

       **Plaintiff,**        **CIVIL ACTION NO. 07-CV-12249-DT**

vs.

                              **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
### AND TO EXTEND SCHEDULING ORDER DATES

This matter comes before the Court on Plaintiff's Motion to Compel and to Extend Scheduling Order Dates filed on June 25, 2008. (Docket no. 56). Defendants have filed a Response. (Docket no. 57). Plaintiff has filed a Reply. (Docket no. 58). All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

**1.**      **Extension of Dates in Scheduling Order**

Plaintiff first seeks an extension of the current scheduling order dates by 120 days. Defendants have no objection. (Docket no. 57 at 3). Therefore, the Court will grant this part of Plaintiff's motion. The following dates will govern this action:

      FINAL WITNESS LIST:                    August 4, 2008

      DISCOVERY CUTOFF:                    October 25, 2008

      DISCOVERY MOTION CUTOFF:        November 17, 2008

      DISPOSITIVE MOTION CUTOFF:       December 5, 2008

JOINT FINAL PRETRIAL STATEMENTS
TRIAL BRIEFS, MOTIONS IN LIMINE:        January 8, 2009

The remaining dates will be scheduled.

**2.      Interrogatory No. 6**

Plaintiff also contends that certain of Defendants' responses to discovery are deficient. (Docket no. 56 at 5). Plaintiff seeks an order compelling Defendants to supplement their answer to Plaintiff's Interrogatory No. 6 which asks Defendants to identify all inmates housed at any time on the dates of the incidents in the Livingston County Jail. (Docket no. 56 ex. 3). Defendants' latest response to this interrogatory is that the information is not available. (*Id*.). Defendants state that such records are kept normally for the current year and the immediately preceding year, and otherwise they are destroyed. (*Id*.). Plaintiff contends that such a response is not believable. (Docket no. 56 at 4).

The officer who prepared the interrogatory responses for Defendants, Lieutenant Tom Cremonte, submitted an affidavit stating that he "put forth a good faith effort to find the inmate rosters from the years 2004 and 2005 (those needed to answer Interrogatory Number 6)." (Docket no. 57 ex. B). He further states that as a result of that effort he "realized that inmates rosters are kept, in the ordinary course of business, only for the current year and the immediately preceding year" and that the "inmate rosters for the years 2004 and 2005 were destroyed prior to the filing of this lawsuit." (*Id*.). Plaintiff responds by arguing that he is seeking information rather than solely documents, and that the inmate rosters are not the only way for Defendants to locate the information requested. (Docket no. 58 at 3).

Plaintiff identifies several types of documents that he contends Defendants should have custody of or control over from which they could answer Interrogatory No. 6. (*Id*.). These are daily

activity logs, arrest log books, and medical information and individual records of previous inmates. (*Id.*). These types of documents were listed in Plaintiff's Reply, therefore Defendants have not had the opportunity to respond and state whether these documents are available. Pursuant to Fed. R. Civ. P. 26(b)(2)(C) and its requirement to weigh the burden and expense and likely benefit of requested discovery, the Court finds that a search for the inmate rosters, which has already been completed, and a search for the daily activity logs for the dates of the incidents alleged in Plaintiff's Complaint are required in answering Interrogatory No. 6. Accordingly, Defendants will be ordered to make a diligent search for the daily activity logs and to supplement their answer to Interrogatory No. 6 based on the results of the search.

**3.    Signed Answers to Interrogatories**

Plaintiff contends that Defendants failed to sign their Interrogatory answers in compliance with Fed. R. Civ. P. 33(b)(5). (Docket no. 56, ¶ 18). Rule 33 provides that the "person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(5). In addition, the interrogatories must be answered by "the party to whom they are directed." Fed. R. Civ. P. 33(b)(1)(A).

In their answer to Interrogatory No. 1 dated May 27, 2008, Defendants listed 16 persons who answered the interrogatories. (Docket no. 56 ex. 1). The responses were signed only by Lieutenant Tom Cremonte, however. (*Id.*). In their supplemental answers of June 18, 2008, Defendants listed 15 persons who answered the interrogatories. (*Id.* ex. 3). Again, the answers are signed only by Lieutenant Cremonte. (*Id.*). In their Response brief Defendants argue that Lt. Cremonte "is the one who supplied answers to the interrogatories," and that it is appropriate that he signed them. (Docket no. 57 at 7).

Plaintiff submitted a copy of the interrogatory answers of Defendants but not a copy of the

interrogatories as they were served on Defendants. The Court therefore cannot conclusively determine to whom these interrogatories were directed. However, the Defendants to whom these interrogatories were directed must sign the answers pursuant to Rule 33. Defendants must either provide signed verifications from these Defendants or submit revised answers for those Defendants who cannot sign the answers already provided. *See Malik v. Clarke*, 2008 WL 356956 (W.D. Wash. Feb. 7, 2008).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel and to Extend Scheduling Order Dates (docket no. 56) is **GRANTED** to the extent that: (1) the scheduling order dates are extended as set out above; (2) on or before August 18, 2008 Defendants will make a diligent search for the daily activity logs of the jail and supplement their answer to Interrogatory No. 6 based on the results of the search; and (3) on or before August 18, 2008 Defendants will either provide signed verifications from the Defendants to whom Plaintiff's interrogatories are directed or serve revised answers for the Defendants who cannot sign the answers already provided.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 30, 2008          s/ Mona K Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Order was served upon Robert Reuther and Counsel of Record on this date.

Dated: July 30, 2008      s/ Lisa C. Bartlett
               Courtroom Deputy