UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT REUTHER,**

      **Plaintiff,**            **CIVIL ACTION NO. 07-CV-12249-DT**

  **vs.**

                               **DISTRICT JUDGE GERALD E. ROSEN**

**LONNIE CHAPMAN, et al.,**     **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:** Defendants' Motion for Partial Summary Judgment filed on December 5, 2008 (docket no. 61) should be **GRANTED IN PART**.

All federal law claims against Defendants Miks, Liddell, Sgt. York, Byerle, Murphy, Cottongim, Rosenberg, Gwinn, Crane, Morris, Morse, Zimmerman, and Sheriff Bezotte should be dismissed with prejudice. All state law claims against these same Defendants should be dismissed without prejudice.

**II.    REPORT:**

    **A.    Facts and Procedural History**

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment. (Docket no. 61). Plaintiff has responded. (Docket no. 62). Defendants filed a Reply brief. (Docket no. 64). All pretrial matters have been referred to the undersigned for decision. (Docket no. 5). This matter is therefore ready for ruling under 28 U.S.C. § 636(b)(1)(A). Plaintiff is represented by counsel, and discovery is now complete in this action.

-1-

This is a civil rights action filed by a Michigan state prisoner pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and state law.  (Docket no. 1).  Plaintiff alleges that he was beaten, denied medical care, and otherwise abused by the jail personnel at the Livingston County Jail in violation of his Eighth Amendment rights.  (*Id*.).  Plaintiff is currently housed in a state prison.

Plaintiff names 21 Defendants.  Defendant Haehnel, Plaintiff's former counsel, has already been dismissed from the action.  (Docket no. 34).  By their partial motion for summary judgment, Defendants seek the dismissal of the conspiracy claims against all Defendants, all claims against Sheriff Bezotte, and all claims against Defendants Miks, Liddell, York, Byerle, Murphy, Cottongim, Rosenberg, Gwinn, Crane, Morris, Morse, Zimmerman, and Chapman.  (Docket no. 61 at 5).  If these Defendants were dismissed, Defendants John Doe (1-3), Jane Doe, Sgt. Davis, and Deputy Polselli (Perelli) would remain.

Plaintiff's claims involve four separate incidents.  First, Plaintiff alleges that on September 3, 2004 he was "assaulted and beaten by LCJ Deputies."  (Docket no. 1 ¶ 7).  This incident began when Deputy Chapman attempted to move Plaintiff's mattress from a bottom bunk to a top bunk.  As a result of this incident, Plaintiff pled guilty to assaulting Deputy Chapman.  (Docket no. 61 ex. 2).  Plaintiff also alleges that Deputies Miks, Liddell, Byerle, Murphy, Cottongim, Rosenberg, and Sgt. York were involved in the incident.  (Docket no. 1 ¶ 7).

The second incident occurred on November 23, 2004.  (*Id*. ¶ 9).  Plaintiff alleges that he was assaulted by Sgt. Davis and at least two other unidentified deputies.  (*Id*.).  Plaintiff alleges that Defendants Crane, Morris, Morse, and Zimmerman were "all there."  (*Id*.).  This is based on the report of Defendant Gwinn, according to Plaintiff.  (*Id*.).

The third incident occurred on January 13, 2005. (Docket no. 1 ¶ 10). Plaintiff alleges that he was assaulted by Sgt. Davis and three unnamed deputies when a nurse came to his cell to give him medication. (*Id.*).

The fourth incident occurred on January 14, 2005. (*Id.* ¶ 11). Plaintiff was scheduled to appear in court this day, and Deputy Polselli and an unknown deputy put the Plaintiff in restraints and then assaulted him. (*Id.*).

Plaintiff seeks damages and declaratory and injunctive relief.

**B.     Governing Law**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

**1.     Federal conspiracy and criminal code claims**

Plaintiff has alleged federal conspiracy claims against the Defendants under various statutes. Plaintiff relies upon 42 U.S.C. §§ 1985(2) & (3) and 42 U.S.C. § 1986. (Docket no. 1 at 2). In

addition, in his request for relief Plaintiff alleges a conspiracy to violate his civil rights pursuant to 18 U.S.C. §§ 241 & 242. (*Id*. at 16-17).

Defendants properly contend that Plaintiff may not state a claim for relief based on the federal criminal code. Plaintiff fails to argue otherwise in his Response brief. (Docket no. 62). To the extent that Plaintiff seeks to initiate criminal charges against Defendants, he as a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished). He must rely upon the United States Attorney to pursue criminal charges. Plaintiff's claims for relief pursuant under Title 18 of the United States Code should therefore be dismissed.

Defendants next contend that Plaintiff's federal conspiracy claims are subject to dismissal under the intra-corporate conspiracy doctrine. (Docket no. 61 at 14-15). Under this doctrine, members of the same legal entity, such as a city or county, may not conspire with one another as long as their alleged acts were within the scope of their employment. *Dickerson v. Alachua Co. Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000) (county jail employees); *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Education*, 926 F.2d 505, 509-10 (6th Cir. 1991).

Plaintiff does not address the intra-corporate conspiracy doctrine in his Response brief. Plaintiff has also not cited any federal law supporting his conspiracy claims. Plaintiff simply cites a Michigan state court case which sets out the elements of a civil conspiracy. (Docket no. 62 at 14-15).

All of the Defendants now moving for summary judgment are employed by the Livingston County Jail. (Docket no. 1). Therefore, they cannot conspire with one another when acting within the scope of their employment. *Dickerson*, 200 F.3d at 768. Moreover, Plaintiff fails to allege any

class-based, discriminatory animus which forecloses relief under 42 U.S.C. §§ 1985(2) & (3) and 1986.  *Kush v. Rutledge*, 460 U.S. 719, 725-26 (1983); *Lorenzi v. Lorenzi*, 44 Fed. App'x 683 (6th Cir. 2002).  Accordingly, all of Plaintiff's federal conspiracy claims should be dismissed.

### 2. Federal claims against Sheriff Bezotte

Defendants argue that Plaintiff fails to show that Sheriff Bezotte had any personal involvement in the incidents and that Plaintiff's section 1983 claims against the Sheriff must therefore be dismissed.  (Docket no. 61 at 17-19).  In his Complaint, Plaintiff alleges that Sheriff Bezotte is liable because he is responsible for the operation of the jail, the training of his deputies, and because he failed to correct his deputies' actions.  (Docket no. 1 ¶ 30).  Plaintiff fails to argue or present any evidence that Sheriff Bezotte had any personal involvement in the incidents described in the Complaint.

The theory of *respondeat superior* is not applicable to section 1983 actions.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  A supervisory official's failure to supervise, control or train an offending subordinate does not state a claim for relief unless the supervisor either encouraged the specific incident of misconduct complained of or in some other way directly participated in it.  (*Id.*).  In response to the motion for summary judgment, Plaintiff fails to present any evidence showing that Sheriff Bezotte either encouraged the specific incidents complained of or that he in some other way directly participated in those incidents.  Therefore, summary judgment should be granted to Sheriff Bezotte on all of the federal claims against him.

### 3. Defendants Miks, Liddell, York, Byerle, Murphy, Cottongim, Rosenberg, Gwinn, Crane, Morris, Morse, Zimmerman, and Chapman

These Defendants contend that they should be dismissed because Plaintiff fails to show that they were involved in the alleged federal constitutional violations. (Docket no. 61 at 19-26). In response to Defendants' motion for summary judgment which points out a lack of evidence, the burden is on Plaintiff to come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. In addition, Plaintiff must designate specific facts and identify the portions of the record where these facts may be found; the court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). The case relied upon by Plaintiff, *Juan v. Rafferty*, 577 F. Supp. 774 (D.N.J. 1984), is not to the contrary.[1]

With respect to the first incident on September 3, 2004, Plaintiff alleges that several deputies participated in the assault upon him in addition to Deputy Chapman. He names in his Complaint Defendants Miks, Liddell, Sgt. York, Byerle, Murphy, Cottongim, and Rosenberg. (Docket no. 1 ¶ 7). However, no specific acts by these Defendants are alleged. In his Response brief to this motion, Plaintiff alleges that the "Defendants' police reports all acknowledge that the Officers in the cell 'assisting' Officer Chapman included Defendants Miks, Lidell, Byerle, Rosenberg, Cottongim and Sergeant York. [Exhibit 1, Report A]" (Docket no. 62 at 6). Therefore, this report is the only evidence presented by Plaintiff to show the involvement of these Defendants. Exhibit 1 Report A attached to Plaintiff's brief, however, is an email message dated 1/13/2005 from Sgt.

---

[1] Plaintiff is represented by counsel who has engaged in discovery including depositions of prison personnel and at least one other prisoner. It is therefore appropriate to require him at this point to support his allegations with sufficient evidence.

-6-

Davis to Lt. Cremonte of the jail which discusses moving Plaintiff from one cell to another apparently on that date. The email states that Plaintiff is alleging that he was assaulted and that "the MSP will be here by Friday." (Docket no. 62, ex. 1(A)). This document does not mention any of these Defendants. The other documents included with exhibit 1 also do not name these Defendants. Therefore, Plaintiff has failed to come forward with any evidence that Defendants Miks, Liddell, Byerle, Rosenberg, Murphy, Cottongim, and Sgt. York were personally involved in the September 3 incident.

On the other hand, Plaintiff has come forward with evidence of Deputy Chapman's involvement. Plaintiff testified in his deposition[2] that after he was on the ground and handcuffed someone pulled his head up by his hair so that his face was up and Deputy Chapman "stuck a mace in my face from about six inches away and emptied the can in my face." (Docket no. 61 ex. 3 at 77). Then Plaintiff was kicked "from all over the place" although when asked if Deputy Chapman kicked him Plaintiff replied, "I don't think so." (*Id.*). In addition, Christopher Bianchi was the prisoner who was being placed in the cell with Plaintiff at that time. Bianchi's deposition[3] testimony supports Plaintiff's contention that he was maced after he was totally subdued. (Docket no. 64 ex. 1 at 29). Macing a prisoner who is totally subdued may violate the Eighth Amendment. *See Thomas v. Northern*, 574 F. Supp. 2d 1029, 1034 (E.D. Mo. 2008); *Grawey v. Drury*, 2007 WL 4395567, slip op. at *7 (E.D. Mich. Dec. 11, 2007). Accordingly, Plaintiff has shown that a material issue of fact exists as to whether Deputy Chapman violated his Eighth Amendment rights in relation to the

---

[2] Plaintiff submitted a copy of his deposition, however the most legible copy is exhibit 3 of Defendants' motion. (Docket no. 61).

[3] Again, although Plaintiff attached a copy of Bianchi's deposition testimony to his Response brief, the most legible copy is attached to Defendants' Reply brief.

September 3, 2004 incident.  Deputy Chapman's motion for summary judgment should be denied.

With respect to the second incident of which Plaintiff complains on November 23, 2004, the only Defendant identified as an actor is Sgt. Davis, for whom Defendants are not moving for summary judgment.  (Docket no. 61, ex. 3 at 89).  Plaintiff is apparently relying on a report made by Defendant Gwinn for his assertion that Defendants Crane, Morris, Morse, and Zimmerman were also involved.  (Docket no. 1 at 6).  Plaintiff in his Response brief relies upon exhibit 1, report D to show that Deputies Crane, Morris, Morse, and Zimmerman were involved.  (Docket no 62 at 6).  However, report D of exhibit 1 is a letter from Sheriff Bezotte to Plaintiff dated November 17, 2006 stating that he has found no merit to Plaintiff's allegations against his staff.  This document fails to support in any way Plaintiff's allegations that these additional Defendants were involved in the November 23 incident.  Accordingly, Plaintiff has failed to show that a genuine issue of fact exists on the issue of whether any Defendant except Sgt. Davis was involved in the incident.

With regard to the third incident on January 12 or 13, 2005, Plaintiff identifies Sgt. Davis as one involved who jumped on him.  (Docket no. 61 ex. 3 at 97).  Plaintiff could not identify the other deputies who were present.  (*Id*.).  Therefore, only Sgt. Davis, on whom Defendants are not seeking summary judgment is shown to be involved in this incident.

The final incident on January 14, 2005 implicates only Deputy Polselli.  (Docket no. 61 ex. 3 at 101).  There were allegedly other deputies involved, but they are not identified.  (*Id*.).  Defendant Polselli is not moving for summary judgment.

In summary, Defendants' motion for summary judgment should be granted for Defendants Miks, Liddell, Sgt. York, Byerle, Murphy, Cottongim, Rosenberg, Gwinn, Crane, Morris, Morse, Zimmerman, and Sheriff Bezotte on all federal claims.  Deputy Chapman, Sgt. Davis, and Deputy

Polselli should remain as Defendants.

**4.     State law claims**

Defendants assert that they are protected by immunity for the state law claims against them. (Docket no. 61 at 27-30). Because all federal claims should be dismissed against Defendants Miks, Liddell, Sgt. York, Byerle, Murphy, Cottongim, Rosenberg, Gwinn, Crane, Morris, Morse, Zimmerman, and Sheriff Bezotte, this Court should dismiss all state law claims against them without prejudice pursuant to 28 U.S.C. § 1367(c)(2). *See Turner v. French*, 2008 WL 783757 (E.D. Mich. Mar. 21, 2008) (claims of assault and battery and negligence); *Smelley v. City of Detroit*, 2007 WL 4326905 (E.D. Mich. Dec. 7, 2007) (noting differences between federal excessive force claims and state law assault and battery claims).

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: February 11, 2009         s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Robert Reuther and Counsel of Record on this date.

Dated: February 11, 2009         s/ Lisa C. Bartlett
                                             Courtroom Deputy