UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALAN REUTHER,

        Plaintiff,                       No. 07-CV-12249

vs.                                       Hon. Gerald E. Rosen

LONNIE CHAPMAN, et al.,

        Defendants.
_____/

OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REVIEW AND REVERSAL
OF CLERK'S AWARD OF DEFENDANTS' BILL OF COSTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       March 30, 2012

PRESENT:   Honorable Gerald E. Rosen
                  United States District Chief Judge

## I. INTRODUCTION

Following trial of this matter, the Clerk awarded Costs to Defendants, the "prevailing party" in the litigation, in the total amount of $4,630.72. Plaintiff now objects to the award and in the instant Motion, asks that the award be reduced to $384.94. Defendants have responded to Plaintiff's Motion. Having reviewed the parties' respective submissions and the entire record of this matter, the Court overrules Plaintiff's objections and affirms the Clerk's award, in its entirety.

## II. DISCUSSION

Proceedings in this § 1983 case brought against 17 defendants, spanned a period of almost four years, during which time, the parties filed, briefed and argued some 15 motions, including two dispositive motions. Following a six-day trial in March 2011, the jury ultimately found no cause of action and Judgment was entered in favor of the Defendants. Thereafter, Defendants submitted a Bill of Costs, seeking $6,965.82 for costs incurred as follows:

| | |
|---|---|
| $   37.50 | Fees of the Clerk |
| 273.00 | Service Fees |
| 6,370.64 | Court Reporter Fees |
| 284.68 | Witness Fees |

The Clerk disallowed $2,335.10 sought for Court Reporter Fees trial transcript fees billed at "real-time" rates and for certain depositions where there was no indication that they had been used by Defendants, and, accordingly, entered a Taxed Bill of Costs in the amount of $4,630.72.

Plaintiff now objects to the entire amount of Court Reporter Fees awarded by the Clerk and further objects to $210.24 in witness fees for Defendant Polselli.

As prevailing parties, Defendants are entitled to an award of their costs pursuant to 28 U.S.C. §§ 1920 and 1923 and Fed. R. Civ. P. 54(d). The Court has broad discretion in allowing or disallowing § 1920 costs. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005).

Turning first to Plaintiff's objections with regard to trial transcripts, as indicated the Clerk partially allowed the costs of daily trial transcripts, disallowing the amounts billed at real-time rates but assessing costs for the transcripts at the regular rate of $365 per page. Plaintiff nonetheless objects to this partial award contending that the transcripts were not necessary but were merely obtained for the convenience of defense counsel.

Contrary to Plaintiff's assertions, the trial transcripts *were* used during trial. Defense counsel read excerpts from the trial testimony as part of his closing arguments. Obtaining the transcripts of the testimony was necessary to ensure the accuracy of the passages counsel quoted. The Clerk assessed costs for 506 pages at the regular rate of $3.65 per page, or $1,846.90. Dail trial transcripts that are reasonable and necessary are fully compensable as costs. *See Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000), *cert. denied*, 531 U.S. 1079 (2001). The Clerk, therefore, properly taxed the costs for these transcripts.

Plaintiff next objects to the fees for the deposition transcripts of Defendants Cremonte, Davis and Chapman. All three of these Defendants testified at trial. Therefore, their prior depositions were needed to prepare each witness for their respective trial testimony as well as for use as part of Defendants' overall trial preparation. Further, Defendants relied upon the transcripts of Defendants Chapman and Davis to support their trial brief. *See* Dkt. # 99. In addition, the deposition transcripts of Defendants Cremonte,

3

Davis and Chapman were used by Plaintiff in support of his Response to Defendants' Motion for Partial Summary Judgment [Dkt. # 62]. This necessitated a further review of these transcripts by Defendants in preparation for their Reply Brief and oral argument. Depositions are necessarily obtained for use in a case "as long as there is a reasonable trial expectation that the deposition may be used for trial preparation," and are, therefore, the costs of such depositions properly taxable. *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Therefore, the Clerk properly assessed $507.70 in taxable costs for these depositions.

Plaintiff objected to the costs of the depositions of witness Christopher Bianchi and Dr. Harish Rawal, because they were used to support motions on which Defendants were not successful. That a motion is not successful is not a requirement so long as the party requesting the transcript is the prevailing party. Here, Defendants provided the Taxation Clerk with a list showing for which motions/briefs each deponent's deposition was used. Plaintiff has not met his burden of showing that the Clerk did not properly assess the costs of these transcripts.

With respect to the witness fees taxed for Defendant Polselli, although Polselli was a named party, Defendants included the witness fee of $210.24 for him because, at the time of trial, Polselli was no longer employed by Livingston County and he had to drive 200 miles, round trip, each day for five days of trial. Although Livingston County reimbursed Polselli for his mileage for all five days of trial ($748.25), Defendants

requested that the Clerk tax costs for only one of those days -- the day on which Polselli actually testified. Under these circumstances, the Court finds the request for $210.24 for witness fees for this defendant/witness reasonable.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Reverse the Clerk's Award of Defendants' Bill of Costs **[Dkt. # 109]** is DENIED.

IT IS FURTHER ORDERED that the Clerk's taxation of costs in the amount of $4,630.72 is AFFIRMED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 2, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager